FILED
NOV 13 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANKLIN C. SMITH, )
                       Plaintiff, )
                                    ) Civil Action No.: 1:19-cv-01636 (UNA)
v. )
KEVIN STAN DAILEY, *et al.*, )
                       Defendants. )

## MEMORANDUM OPINION

Plaintiff, a prisoner designated to Virginia Beach City Jail, filed a *pro se* complaint ("Compl."), various notices, motions, exhibits, and applications for leave to proceed *in forma pauperis* ("IFP"). He failed, however, to file a certified copy of his trust fund account statement as required by 28 U.S.C. § 1915(a)(2). On June 21, 2019, the court issued an order directing plaintiff to provide this information within 30 days or suffer dismissal of this matter without prejudice. *See* ECF No. 3. Plaintiff failed to comply with that directive and the matter was dismissed on August 8, 2019. *See* ECF No. 10.

On August 22, 2019, plaintiff filed a motion for reconsideration, *see* ECF No. 11, arguing that he had provided the requisite financial information, and also arguing that he never received the appropriate prisoner trust account form. The motion for reconsideration was granted on September 4, 2019, reopening the case, enclosing a blank copy of the trust account form, and directing plaintiff to complete and file the form within 30 days. *See* ECF No. 13. On September 25, 2019, plaintiff submitted his financial information, *see* ECF No. 14, in accordance with this court's directives. Therefore, the court may now turn to plaintiff's complaint, supplemental filings, and pending motion. The court will grant the IFP application and dismiss the case pursuant to 28

U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), by which the court is required to dismiss a case if it determines that the action is frivolous. The pending motion for relief from judgment, *see* ECF No. 12, will be denied as moot, as it requests the same relief which was already granted as part of plaintiff's motion for reconsideration.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff sues approximately 31 parties and, through his subsequent filings, requests to add additional defendants. *See* Compl. at 1–5; *see also, e.g.,* ECF No. 16. Defendants range from United States District Court Judges, court clerks, state prison officials and employees, federal officials, prosecutors and other attorneys, and IBM employee(s). *See* Compl. at 1–5. Many of the intended defendants, however, cannot even be understood. The prolix complaint totals over 30 pages, which is then supplemented by approximately 30 more pages of additional filings, which only compound the existing errors. Plaintiff self-identifies as a as a "civil rights litigator," *id.* at 6, and alleges that is a victim of attempted "murder for hire," *id.* at 7–8, "compounded animosity within public officials[] and families," *id.* at 9, and "compounded animosity among judicial officials[] and their friends[,]" *id.* at 10. Plaintiff alleges a wide-ranging government conspiracy executed by secret informants, which resulted in his conviction and sentencing, loss of financial gain, and various attempts at his life, *see id.* at 11–19, including one made by a "gangster posing as a lawn service[,]" *id.* at 8. Any substantive claims or issues involving defendants are unclear,

as the complaint and its supplemental filings consist of rambling and unconnected statements and allegations.

This court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08.

The instant complaint satisfies this standard. In addition to failing to state a claim for relief or to establish federal jurisdiction, the complaint and its subsequent supplemental filings are deemed frivolous. Consequently, the complaint and this case will be dismissed. A separate order accompanies this memorandum opinion.

Date: November 8, 2019

United States District Judge